11-607-cv
Westminster Securities Corp. v. Petrocom Energy Ltd.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         PETER W. HALL,
                 *Circuit Judges,*
         STEFAN R. UNDERHILL,
                 *District Judge.*[*]

_____

WESTMINSTER SECURITIES CORP.,

           *Petitioner-Appellee,*

           -v.-                                    11-607-cv

PETROCOM ENERGY LIMITED, PETROCOM LIMITED,

           *Respondents-Appellants.*

_____

FOR APPELLANTS:    TODD R. GEREMIA (Nicholas W. Haddad, *on the brief*), Jones Day, New York, NY.

FOR APPELLEE:      BRIAN J. NEVILLE (Barry R. Lax, Raquel Terrigno, *on the brief*), Lax & Neville, LLP, New York, NY.

_____

[*] Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Cote, *J.*). The district court granted Petitioner's motion to confirm an arbitration award; it denied Respondents' cross-motion to vacate certain parts of the same award. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order and judgment is **AFFIRMED.**

Appellants first argue that the district court erred by confirming that portion of the arbitration award which interpreted the tail provision to apply in the event of the placement agreement's *expiration*. Our review of arbitral awards is extremely deferential: "If the parties agreed to submit an issue for arbitration, we will uphold a challenged award as long as the arbitrator offers a *barely colorable* justification for the outcome reached." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) (emphasis added) (internal quotation marks omitted). "[A]s long as the arbitrator is even *arguably* construing or applying the contract and acting within the scope of his

authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." *Id.* (emphasis added) (internal quotation marks omitted).

Given our extremely deferential standard of review, Appellants' argument fails. The survival clause extended the tail provision in the event of termination *or expiration*. If the tail provision applied *only* in the event of termination, and not expiration, a portion of the survival clause would be meaningless. "The rules of contract construction require us to adopt an interpretation which gives meaning to every provision of the contract." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 111 (2d Cir. 2008). The placement agreement's separate tail and survival provisions could be seen as internally inconsistent and ambiguous, and the arbitration panel's interpretation was rational.

Appellants next argue that the district court erred by confirming that portion of the arbitration award which granted Appellee's claim for unjust enrichment. Appellants argue that the unjust enrichment claim fell outside the scope of the arbitration clause. We disagree. The parties'

3

arbitration agreement was worded broadly enough to encompass Westminster's unjust enrichment claim.  Westminster claimed that Petrocom unjustly reaped the fruit of Westminster's efforts to introduce Petrocom to several potential investors.  The unjust enrichment claim clearly related to Westminster's efforts as a placement agent.  Therefore, the dispute fell within the scope of Westminster's role under the placement agreements, which was governed by the arbitration clause.

Similarly, Petrocom's Statute of Frauds argument is insufficient.  "An arbitral award may be vacated for manifest disregard only where a petitioner can demonstrate both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case."  *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) (internal quotation marks omitted).  Petrocom presented the Statute of Frauds issue to the arbitrators only as a brief point in support of a larger argument that Westminster's unjust enrichment claim was precluded by a written contract.  Petrocom has not demonstrated that this

4

was enough to alert the arbitrators of what it now calls the governing legal principle, and the arbitrators' disposition of the issue as presented did not constitute "manifest disregard."

We have considered Petrocom's other arguments and find them without merit. **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk